**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD WEBB, aka Donald Jack
Webb,

      Petitioner-Appellant,

v.

LENORA JORDAN,

      Respondent-Appellee.

No. 05-7121
(D.C. No. 02-CV-287-S)
(E.D. Okla.)

**ORDER**

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Donald Webb seeks a certificate of appealability

("COA"), see 28 U.S.C. § 2253(c), in order to pursue an appeal from the district

court's decision denying him habeas relief, see 28 U.S.C. § 2254, from his

Oklahoma convictions resulting from two criminal proceedings.[1]  Based on

charges made in Oklahoma case No. CR-98-144, a jury convicted Webb of 1) the

unlawful cultivation of marijuana; 2) the unlawful possession of marijuana; and

3) the unlawful possession of methamphetamine, all after two or more former

convictions; and 4) feloniously carrying a firearm after three prior convictions.

---

    [1]    We grant Webb's request to proceed on appeal in forma pauperis.
See 28 U.S.C. § 1915.

The jury imposed twenty-year sentences on each of those four convictions, and the trial court ordered those sentences to run consecutively. In addition, as a result of charges made in case No. CR-98-174, the same jury convicted Webb of unlawfully possessing 1) cocaine, 2) amphetamine, and 3) flunitrazepam, all after two prior convictions. The jury imposed twenty-year sentences for each of these three convictions, and the trial court imposed those sentences consecutively to each other and to the sentences imposed in case No. CR-98-144.

Webb will be entitled to a COA in this case only if he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotation omitted). Webb has failed to make this showing.

Webb seeks a COA on a number of claims, alleging: 1) there was insufficient evidence that Webb had dominion and control over the illicit drugs and weapons underlying his convictions; 2) the affidavit supporting the search warrant permitting officers to search the house where the drugs and guns were found was inadequate and so the evidence discovered during that search should have been suppressed; 3) the trial court erred in refusing to enforce a discovery order, improperly permitting a state chemist to testify against him at trial; 4) the

trial court deprived Webb of due process when it failed to bifurcate the trial on the charge of felonious possession of a firearm; 5) the State deprived Webb of substantive due process because it prohibited him from challenging the constitutionality of the prior convictions used to support his conviction for felonious possession of a firearm; 6) the State deprived Webb of due process by selectively prosecuting him; 7) the trial court violated the double jeopardy clause by imposing consecutive sentences for crimes arising from the same transaction; 8) Webb's direct-appeal counsel was ineffective; and 9) his trial attorney was ineffective for: a) failing to use "obvious" evidence of Webb's innocence; b) stipulating to Webb's prior convictions during jury voir dire; c) failing to request a "curative instruction" after the State introduced evidence of his prior convictions during trial; d) failing to present evidence that the residence searched and from which the illegal drugs and guns were seized was not Webb's residence; e) failing to present evidence that Webb did not have dominion and control over the drugs and guns he was charged with possessing; and f) failing to inform the trial court that imposing consecutive sentences was contrary to law. We deny Webb a COA on all of these claims for substantially the reasons stated in the magistrate judge's well-reasoned report and recommendation, adopted by the

district court.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge